```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOE HAND PROMOTIONS, INC.,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:23-CV-20**
                                              **(KLEEH)**

**BITTINGER'S SPORTS GRILL, LLC, et al.**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT [ECF NO. 34]

Before the Court is *Plaintiff's Motion for Summary Judgment* filed by Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") seeking summary judgment against Defendants Bittinger's Sports Grill, LLC d/b/a Bittinger's Sports Grill and Joseph A. Bittinger, Jr. ("Defendants"). ECF No. 34. Upon consideration of the Motion, the accompanying evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605, et seq., and recognizes Plaintiff's election to seek statutory damages.

The Court specifically notes that Defendant Bittinger's Sports Grill, LLC failed to obtain counsel in this matter, despite direction by the Court to do so. "It is well-settled that a corporation must be represented by an attorney in

federal court." Susko v. City of Weirton, No. 5:09CV1, 2010 WL 3025534, at *3 (N.D.W. Va. July 29, 2010). Accordingly, the Court cannot recognize any pro se filings by Bittinger's Sports Grill. See Frisina v. Keesler, No. 5:08-CV-331-BR, 2009 WL 10689076, at *4 (E.D.N.C. Nov. 23, 2009); Microsoft Corp. v. Computer Service & Repair, Inc., 312 F. Supp. 2d 779, 780-83 (E.D.N.C. 2004) (striking pro se motion for dismissal and entering default judgment against pro se corporate defendant where an individual defendant had filed an answer to the complaint on behalf of himself and the corporate defendant but "the attempted pleading was not valid as to the corporation" because it could not proceed pro se); U.S. Commodity Futures Trading Comm'n v. McCrudden, No. 10 CV 5567 DRH AKT, 2013 WL 142377, at *8 (E.D.N.Y. Jan. 11, 2013)("Where, as here, a motion is made by a non-attorney on behalf of a corporate defendant who is not represented by counsel, the Court may not consider that motion."); Forth's Foods, Inc. v. Allied Ben. Adm'r, Inc., Civil Action No. 3:07-0670, 2008 WL 88610, *2 (S.D. W. Va. Jan. 7, 2008).

Thus, the Court did not consider Mr. Bittinger's pro se filings on behalf of Bittinger's Sports Grill. Additionally, individual Defendant Joseph A. Bittinger, Jr. failed to respond to Plaintiff's Requests for Admission within thirty

2

days of service. ECF No. 33. Accordingly, the requests for admission were deemed admitted as of September 29, 2023, pursuant to Rule 36 of the Federal Rules of Civil Procedure. Id. Thus, the Court's factual findings rely upon Mr. Bittinger's binding admissions.

The Court accordingly concludes the following:

1. The Court has jurisdiction over the subject matter and parties to this action; and

2. Defendants exhibited the closed circuit, February 22, 2020 broadcast of *Deontay Wilder vs. Tyson Fury 11,* including undercard bouts and commentary, without authorization from Plaintiff; and

IT IS THEREFORE **ORDERED, ADJUDGED,** AND **DECREED:**

1. That Judgment be entered in favor of Plaintiff and against Defendants;

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) from Defendants in the amount of $7,000.00;[1]

3. That Plaintiff shall submit supporting attorney affidavits within 60 days of this Final Judgment to recover attorneys' fees and costs from Defendants for prosecution of this case;

4. The Court also awards Plaintiff post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid;

5. This judgment is a final judgment; and

6. In accord with this Order, Plaintiff's Motion for Default Judgment [ECF No. 31] and Defendant's Motion for Reconsideration [ECF No. 35] are **DENIED AS MOOT.**

It is so **ORDERED.**

---

[1] The Court **DENIES** Plaintiff's request for additional damages pursuant to 47 U.S.C. § 605(e)(3)(c)(ii).

The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff, consistent with this Memorandum Opinion and Order, and to **STRIKE** this case from the Court's active docket. The Clerk is further directed to transmit copies of this Order to counsel by email and all unrepresented parties by certified mail, return receipt requested.

**DATED:** June 6, 2024

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA